UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SILVIA PORTUGAL,

Plaintiff,

v.

WESTERN WORLD INS.,

Defendant.

No. 2:10-cv-02498-MCE-JFM

**MEMORANDUM AND ORDER**

----oo0oo----

Before the Court is Defendant's Motion for Summary Judgment and Summary Adjudication (ECF No. 8). For the reasons that follow, this action will be stayed pending the exhaustion of the appeals in the related state court action.

///

///

///

///

///

///

**BACKGROUND**[1]

Plaintiff Silvia Portugal ("Portugal") is a former employee of CareQuest, Inc., which did business as "Real Care." (Plaintiff's Response to Defendant Western World Insurance Company's ("Western") Statement of Undisputed Facts in Support of Motion for Summary Judgment ("P-SUF"), ECF No. 16, Attachment 1, ¶ 1.)[2] Prior to its insolvency, Real Care provided in-house medical services for elderly and infirm clients. (Id.) Real World was insured by Western, which issued six successive one-year comprehensive general liability ("CGL") insurance policies to Real Care from October 15, 2001 through October 15, 2007. (Id. ¶ 10.) At issue in both the present action and the underlying state court action, currently on appeal, is whether Western's CGL policy covered the claims raised by Portugal, thereby obligating Western to defend Real Care.[3]

---

[1] The facts noted in this section are the Court's determination of what are undisputed material facts based on its review of both Portugal's and Defendant's Statements of Facts and the Records cited therein. For the purposes of this motion, all reasonable inferences are drawn in favor of Portugal.

[2] Pagination is based on the Court's ECF pagination, not the pagination of the original documents.

[3] The following provisions of Western's CGL Policies covering Real World are relevant to this action. First, Western provides coverage for "bodily injury" and "property damage" caused by an "occurrence," as those terms are defined under the policies. (Id. at ¶ 11). The policies exclude coverage for "bodily injury" or "property damage" "expected or intended from the standpoint of the insured" and for which the insured is obligated by assumption of liability in a contract. The CGL Form also provides coverage for "personal and advertising" injury, and excludes coverage for "personal and advertising injury" arising out of breach of contract. (Id. at ¶ 11.) Next, under the
(continued...)

**A. Suit #1: Portugal v. Real Care**

On February 1, 2006, Portugal filed a class-action wage compensation lawsuit against Real Care in Sacramento Superior Court. (Id. at ¶ 4.) On behalf of the class, Portugal alleged: (1) failure to (a) pay overtime, (b) provide meals and (c) pay all hourly wages due to non-exempt employees working for Real Care in violation of various California Labor Code sections; (2) violation of applicable wage orders issued by California's Industrial Welfare Commission; and (3) intentional violation of California's Unfair Business Practices Act, California Business & Professions code Sections 17200, et seq. (Id. at ¶ 4.)

///

---

[3](...continued)
Employment-Related Practices Exclusion Form ) contained in each policy, the CGL Form is modified to exclude"bodily injury" and "personal and advertising injury" to a person arising out of certain enumerated employment-related practices, policies, acts or omissions. (Id. at ¶ 12.) Under an endorsement form, the policies provide coverage under Coverage D for "professional liability" for "bodily injury," "property damage" or "personal injury" caused by a "professional incident."

The policies exclude coverage for "bodily injury," "property damage" or "personal injury" for which the insured is obligated to pay damages through assumption of a contract, and "bodily injury" or "personal injury" to an employee arising out of and in the course of employment or performing duties related to the conduct of the insured's business. The policies define "professional incident" to mean any negligent act or omission "in the furnishing of healthcare services" or in the rendering of professional home health care services." (Id. at ¶ 13.) The "professional liability" coverage is incorporated into the CGL Form and is subject to the CGL provisions except where the endorsement form states a particular CGL provision is being amended. The endorsement form incorporates the CGL "definitions" for "bodily injury," "property damage," and "personal-injury" ("advertising injury" is not incorporated because the Coverage D - Professional Liability does not cover the harm of "advertising injury," it only covers the harm of "bodily injury," "property damage," and "personal-injury" as defined in the CGL Form).

In addition, Portugal alleged that Real Care misclassified its "Caregiver" employees as "personal attendants" so as to exempt itself from abiding by California labor laws. (First Amended Complaint, Portugal v. Real Care, ECF No. 8, Attachment 3, p. 46 at ¶ 6.)

On March 28, 2006, Western, Real Care's insurance provider, declined coverage for the tender of defense by Real Care of the Portugal class action on the grounds that the wage claims asserted by Plaintiffs were not protected by the policy. (Defendant's Statement of Undisputed Facts ("SUF"), ECF No. 8, Attachment 2, ¶ 14.) On November 16, 2007, Portugal obtained a default judgment against Real Care for damages in the amount of $23 million. (Id. at ¶¶ 15, 16.)

On December 5, 2007, and again on April 1, 2008, Western reiterated its denial of coverage to Real Care and provided Real Care with written explanations regarding the basis for denial. (Id. at ¶¶ 17-18.) Apparently as a result of the litigation and judgment, Real Care went out of business and became insolvent. (P-SUF at ¶ 63.)

**B. Suit #2: Portugal v. Western in State Court**

On February 11, 2009, Portugal filed a class-action lawsuit in the Sacramento Superior Court against Western, CareQuest and others. (RJN, Complaint, ECF No. 8, Ex. D.)

///

///

///

The class's standing was based on its status as a third party "Judgment Creditor" under California Insurance Code ¶ 11580, due to the $23 million owed to them by Real Care as a result of the default judgment. (Id. at ¶¶ 1, 3.) In the new action, Portugal claimed that Western had a duty to indemnify Real Care, had a duty to defend Real Care, and had a duty of good faith and fair dealing in connection with investigating whether it had to indemnify Real Care. (Id. at ¶¶ 39-48.)

On September 23, 2010, the Superior Court granted Western's Motion for Summary Judgment.[4] (Order Granting Motion for Summary Judgment, ECF No. 8, Attachment 3, Exhibit E.) In its Order, the Superior Court concluded that "the Portugal class action claims for wages and employment benefits are not potentially covered under the terms of any of the Western World policies." (Id. at 83-84.) Specifically, the court made the following findings: (1) that Western's policy only covered "bodily injury, death, or property damage" and that Portugal's wage-based claim against Real Care was therefore not indemnified by Western (id. at 85); (2) that unpaid wages and overtime are not "bodily injury" or "personal and advertising injury" or "property damage" (id. at 86);[5]

---

[4] Plaintiff's motion to strike this fact "as disputed, irrelevant, and immaterial," (P-SUF, ECF No. 16 at ¶ 25) is denied. The Court concludes there is no reasonable basis to dispute this fact as it is relevant and it is material.

[5] Pursuant to Federal Rules of Evidence 201(b) (authorizing judicial notice of adjudicative facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned'), Western requests the Court take judicial notice of several documents. (Request for Judicial Notice
(continued...)

(3) that Real Care's employees were not performing a "professional service" within the meaning of the policies (id.); (4) that failure to pay statutory wage and employment benefits does not constitute an "occurrence" under the policies (id. at 87); (5) that the "contractual liability" exclusion applies and therefore excludes liability on behalf of Western (id.); (6) that the "employment related practices" and "employers liability" exclusions also apply (id.); and (7) that the "expected or intended injury" exclusion in the contract applies (id.).[6]

Following the Superior Court's order on summary judgment, Portugal filed a notice of appeal. (Western's Reply, ECF No. 20, Att. 1, ¶ 115.) The appeal is currently pending. (Id. at ¶ 116.)

///

///

[5](...continued) ("RJN") (ECF No. 8, Att. 3, pp. 1-2.)) Specifically, Western asks the Court to take judicial notice of: (1) Portugal's Complaint in this matter (RJN, Ex. A); (2) Portugal's Complaint in the Portugal v. Real Care, Sacramento County Superior Court Action No. 06AS00410 matter (Id., Ex. B);(3) Portugal's First Amended Complaint in the Portugal v. Real Care, Sacramento County Superior Court Action No. 06AS00410 matter (Id., Ex. C); (4) Portugal's Complaint in Portugal v. Apex Care, Inc. et al., Sacramento County Superior Court Action No. 34-2009-00034576-CU-BT-GDS (Id., Ex. D); (5) Order Granting Motion for Summary Judgment in Sacramento County Superior Court Action No. 34-2009-00034576-CU-BT-GDS (Id., Ex. E); (6) Western's Answer to Portugal's Complaint (Id., Ex. F). Western's requests are unopposed and are the proper subject of judicial notice. See, e.g., Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1040 (E.D. Cal. 2009); Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public record). Accordingly, Western's Request for Judicial Notice (ECF No. 8, Att. 3.) is granted.

      **C. Suit #3: Portugal v. Western World Removed to Federal Court**

On August 11, 2010, while the Superior Court was considering Western's Motion for Summary Judgment, Portugal filed another class action against Western in the Sacramento Superior Court. (ECF No 1, Ex. 1.) In this action, Portugal stated that she and the other class members were suing in "a new and additional capacity as an assignee through a written assignment" of all of Real Care's rights against Western.[7] (Id. at ¶ 1.)

In the first action (Suit # 2) against Western, Portugal claimed that Western had a duty to indemnify Real Care, had a duty to defend Real Care, and had a duty of good faith and fair dealing in connection with investigating whether it had to indemnify Real Care. (RJN, Complaint, ECF No. 8, Ex. D., ¶¶ 39-48. In Portugal's second suit against Western (Suit # 3), she raised four claims: (1) that Western had a duty to indemnify Real Care; (2) Western had a duty to defend Real Care; (3) Western failed to investigate and conclusively eliminate the potential for coverage of Real Care. (Defendant's RJN, ECF No. 8, Ex. E, p. 87.) Western thereafter removed to this Court on the basis of diversity jurisdiction (See Notice of Removal, ECF No. 1).

[7] Apparently, Portugal purchased the rights from Real Care to pursue this action against Western as an assignee. Notably, Portugal does not provide evidence to show that she or the class are in fact an "assignee," citing only a declaration and their complaint in state court in which they also alleged their relation to the contract as an assignee. (Response to Statement of Undisputed Facts, ECF No. 16, No. 38.) However, Western does not dispute this point and the issue is immaterial to the judgment in this case.

Following discovery, Western filed the instant Motion for Summary Judgment ("MSJ"). (ECF No. 8.) In its MSJ, Western generally contends that summary judgment should be granted on the same basis that the Superior Court granted summary judgment in the state action.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///
///
///
///
///
///

**ANALYSIS**

In its Motion for Summary Judgment, Western generally contends that Portugal's claims are identical to the ones she raised in her prior state court action, and that because the Superior Court decided in Western's favor in the first action, Portugal is barred on the basis of collateral estoppel from raising her claims again in this action. Portugal disputes whether her claims are identical and essentially contends that because she brings this action as an assignee, rather than as a judgment creditor, this suit is fundamentally different from the prior action.

In Kremer v. Chem. Const. Corp., 456 U.S. 461 (1982), the U.S. Supreme Court addressed 28 U.S.C.A. § 1738, which establishes that state judicial proceedings are granted full faith and credit in federal courts. The Supreme Court stated that, "1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." Kremer, 456 U.S. 461 at 481. Therefore, the Court must consult California res judicata rules to determine whether the issues presented by Portugal are barred in this court from relitigation.

///
///
///
///

Under California law, collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding "if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]." Rodgers v. Sargent Controls & Aerospace, 136 Cal. App. 4th 82, 90 (Cal. Ct. App. 2006); see also Lyons v. Security Pacific Nat. Bank, 40 Cal. App. 4th 1001, 1015 (Cal. Ct. App. 1995) ("In addition to these factors, ... the courts consider whether the party against whom the earlier decision is asserted had a 'full and fair' opportunity to litigate the issue.") Collateral estoppel will not be applied "if injustice would result or if the public interest requires that relitigation not be foreclosed." Consumers Lobby Against Monopolies v. Public Utilities Com., 25 Cal.3d 891, 902 (Cal. 1979).

**A. Collateral Estoppel's First and Third Prongs: Identical Issues and Parties**

In order to establish collateral estoppel, Western must first demonstrate that the issues decided in the first case are identical to those being presented here. The third prong requires the parties be identical.

///

///

///

///

Portugal alleges that the claims in state court are based on Section 11580 of the California Insurance Code and are therefore not identical to the federal court claims because Portugal brings the present action as an "assignee" rather than "judgment creditor". (See Opposition, ECF No. 17, pp. 18-20).

Before turning to whether the issues are identical, the Court first considers the third prong for determining whether collateral estoppel applies: specifically, whether the parties are identical. The only difference between the parties to the Superior Court action and the present action is that the class now brings the action as assignees rather than as judgment creditors. Portugal does not provide any persuasive authority that clearly differentiate between assignees and judgment creditors (id.), and the Court is not persuaded that this change of status constitutes a material difference. Therefore, the Court concludes that the third prong is satisfied: the parties are identical.

Turning to collateral estoppel's second prong—whether the issues in the state court case are identical to those in this case—Portugal contends that, while similar, the claims in this action are not identical. However, whether the claims are identical is not relevant to res judicata analysis; rather, the Court must decide whether the issues are identical. See Rogers, 136 Cal. App. 4th 82, 90; see also Lyons, 40 Cal. App. 4th 1001, 1015.

///
///
///

On that point, the crucial issue decided by the Superior Court is identical to the fundamental issue underlying each and every one of the claims in the instant case: specifically, whether Western had any potential obligation under the policies at issue to cover Real Care. The Superior Court concluded there was no possibility for coverage. (See Order, ECF No. 8, Attachment 3, Exhibit E, at 83-84.) In the present action, Portugal raises four claims: (1) that Western had a duty to indemnify Real Care; that (2) Western had a duty to defend Real Care; that (3) Western failed to investigate and conclusively eliminate the potential for coverage of Real Care; and (4) that Western failed to interpret the potential for coverage of Real Care. (See Complaint, ECF No. 1, Ex. 1.) Each of these claims also turns on the issue of whether there was a possibility of coverage that would have obligated Western to have defended or indemnified Real Care in the first lawsuit between Portugal and Real Care.

Although Portugal's status has changed from judgment creditor to assignee of rights, her claims remain essentially identical to those raised in the prior action, and each of these claims turns on the issue of Western's obligation to defend or indemnify Real Care. In granting summary judgment for Western, the Superior Court definitively ruled out any potential for both a Duty to Defend or Duty to Indemnify claim, stating:

///
///
///
///

> Plaintiff has failed to demonstrate that a disputed issue of material fact remains for trial as to whether the claims in the underlying action were potentially covered by the policies of insurance, or that moving party in any manner waived the right to assert its policy defenses.

(Id.)

The Superior Court held that, without any possible potential for coverage, Portugal could not establish that Western owed any duty to Real Care. (Id. at 83-84.) The fundamental issue in the present action is also whether Western owed any duty to Real Care. Portugal's first two claims assert that Western had a duty to defend or indemnify Real Care, both issues which have been conclusively decided in the parallel state court case. Portugal's third and fourth claims (failure to investigate and failure determine the potential for coverage) both also turn on Western's potential duty to cover Real Care, which, again, was effectively decided by the Superior Court when it found no potential for coverage.

Therefore, the first and third prongs of the collateral estoppel test are satisfied as the issues and parties in both actions are identical.

///

///

///

///

///

///

///

///

**B.    Collateral Estoppel's Second Prong: Final Judgment**

Portugal contends that there is no final judgment on the merits because the state court ruling is currently under appeal. (Opposition at 13-14.) Western argues that the Superior Court's summary judgment order constitutes a final judgment on the merits, therefore this action is barred by collateral estoppel. (MSJ, ECF No. 8, Att. 1, p. 14 n.7.)

Again, the Court must refer to California law to determine whether a summary judgment on appeal is considered a "final judgment". In People ex rel. Gow v. Mitchell Bros.' Santa Ana Theater, 101 Cal. App. 3d 296, 306 (Cal. Ct. App. 1980), the court held that, "It is an elemental principle of res judicata that the doctrine applies only to judgments and orders which are final. A judgment is not final while an appeal therefrom is pending." Other California appellate courts have confirmed that cases under appeal are not final. See People v. Burns, 198 Cal. App. 4th 726, 731 (Cal. Ct. App. 2011) ("The final judgment prerequisite requires that the time for seeking a new trial or appealing the judgment has expired and any appeal is final. In other words, the judgment is not final and preclusive if it is still subject to direct attack." (citing People v. Summerville, 34 Cal. App. 4th 1062, 1067-1068 (Cal. Ct. App. 1995); Abelson v. National Union Fire Ins. Co., 28 Cal. App. 4th 776, 787 (Cal. Ct. App. 1994)).

Because the Superior Court's decision is currently on appeal, the second collateral estoppel prong requiring there be a final judgment on the merits is not satisfied.

Furthermore, the outcome of the appeal may have a material effect on the issues being litigated in this action.

The Court will therefore stay this proceeding, pending the resolution of the state court action.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, this case is STAYED, pending final judgment in Portugal v. Western World Insurance Company, et al., Case No: 34-2009-0034576-CU-BT-GDS, currently on appeal in California state court. Western's Motion for Summary Judgment (ECF No. 8) is therefore MOOT, as are any other motions currently before the Court. The Clerk of the Court is directed to close this case pending any future motion to reopen. The Parties are directed to file a joint notice every 90 days as to the status of the state case and, upon exhaustion of the related state court appeals, one or both parties may file a motion to reopen this case.

IT IS SO ORDERED.

Dated: August 21, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE