UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA PORTUGAL,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTERN WORLD INSURANCE COMPANY and DOES 1 through 50,<br><br>        Defendants. | No. 2:10-cv-02498-MCE-AC<br><br>**ORDER** |

In its Memorandum and Order dated August 22, 2012 (ECF No. 12), this Court addressed the merits of the Motion for Summary Judgment and Summary Adjudication (ECF No. 8) filed on behalf of Defendant Western World Insurance Company ("Western"). The Court found Plaintiff's lawsuit subject to collateral estoppel both on grounds that the issues and parties subject to an earlier action filed in state court were identical. Because the state court's decision was on appeal before California's Third Appellate District at the time that Memorandum and Order was issued, however, and given the fact that application of collateral estoppel also requires a final judgment on the merits, this Court stayed the proceedings pending final judgment in the state court action, Portugal v. Western World Insurance Company, et al., Case No. 34-20099-0034576-CU-BT-GDS.

1

On October 6, 2016, Western World submitted a Status Report (ECF No. 34) notifying the Court that the Third Appellate District issued an Order affirming the state court's judgment in all respects. Because the decision on appeal became final under California Rule of Court 8.264(b)(1) thirty days after its filing, and because no petition for review with the California Supreme Court was thereafter submitted, Western maintains that the state court action now constitutes a final decision on the merits. Western urges this Court to now grant summary judgment on collateral estoppel grounds since it maintains that the last impediment to doing so (a final judgment) has now been realized.

In the wake of Western's status report, this Court lifted its August 22, 2012, stay on these proceedings and directed the parties to submit further briefing on whether Western is now entitled to summary judgment given the final adjudication of the state court action. In so doing, however, the Court explicitly directed the parties to take into account "the fact that the Court has already determined . . . that the issues and parties in both this case and the state action are identical." Oct. 26, 2015 Minute Order, ECF No. 36.

Despite that admonition, the overwhelming majority of Plaintiff's supplemental briefing is devoted to arguments that this case and the state action do not involve identical issues. That question has already been decided and has been resolved against Plaintiff and in favor of applying collateral estoppel. As to the only matter on which briefing was requested—whether or not the state court action was final—Plaintiff concedes that Western "won the judgment creditor action in state court **and that state court action is final**." Pl.'s Supp. Brief, ECF No. 38, 2:5-6 (emphasis added). Nevertheless, Plaintiff goes on to argue that the judgment creditor action and Plaintiff's attempt to pursue Western as an assignee of Western's insured are different, and that therefore collateral estoppel should not apply.

There is no dispute that the parties are identical for collateral estoppel purposes. As to identity of issues, as indicated above, the Court already conclusively determined that issue against Plaintiff, as both the Court's October 26, 2016 Minute Order and its

previous August 22, 2012, Memorandum and Order make abundantly clear. The Memorandum and Order explains that even though Plaintiff's status "has changed from judgment creditor to assignee of rights, her claims remain essentially identical to those raised in the [state] action, and each of these claims turns on the issue of Western's obligation to defend or indemnify [its insured]." Aug. 22, 2016 Mem., ECF No. 22, 2:1:18-2. This Court agreed with the state court that there was no potential for coverage under the circumstances, and that Plaintiff could not establish that Western owed any duty to its insured which could, in turn be assigned to Plaintiff.

The Third Appellate District's decision makes this conclusion even more clear. That Court agreed that Western had established that

> (1) The underlying action was for intangible economic loss and was not based on bodily injury or property damage, because the claims did not meet the CGL insurance policy definitions for "'bodily injury,'": "'property damage,'" or "'personal and advertising injury"; (2) even if the claims had met those definitions, they were not caused by any "'occurrence,'" i.e., an "accident," as required for coverage; (3) even if caused by an occurrence, they were excluded from coverage by the policy exclusions for employer liability and/or contractual liability; (4) the claims did not meet the professional liability policy definitions for bodily injury, property damage, or personal injury caused by a professional incident; and (5) even if they met the professional liability policy definitions, coverage was excluded for injury to the insured's employee arising out of an in the course of the employment or performing duties resolved to the conduct of the insured's business.

See Decision, ECF No. 34, Ex. A, p. 21.

Consequently, the Third Appellate District exhaustively ruled out any potential for coverage which could support Plaintiff's claim whether as a judgment creditor or an assignee. The Court also expressly rejected Plaintiff's contention that injury to intangible economic interests like unpaid overtime, wages and benefits can constitute tangible property damage for insurance coverage purposes  Id. at 21-22. Finally, contrary to Plaintiff's argument to the contrary, the Third Appellate District further rejected her contention that using gasoline to run errands for her clients constituted a withholding of

///

tangible property by her employer so as to trigger any potential for coverage. Id. at 23-24.

In sum, then, since it is undisputed that the state action has now resulted in a final judgment, and because this Court has already determined that the remaining prerequisites for collateral estoppel have been satisfied, Western is entitled to summary judgment as to the present lawsuit, on collateral estoppel grounds, inasmuch as Plaintiff's claims have already been adjudicated in the state court action. Defendant's Motion for Summary Judgment (ECF No. 8) is accordingly GRANTED and the Clerk of Court is directed to issue judgment in Western's favor and against Plaintiff.

IT IS SO ORDERED.

Dated: January 4, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE